**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TANIA MEDINA, | : | Civil Action No.: |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| EAST PENN MANUFACTURING COMPANY | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendant. | : | ELECTRONICALLY FILED |

# COMPLAINT

Plaintiff Tania Medina ("Plaintiff"), by her attorneys, Broughal & DeVito, L.L.P., files this Complaint against Defendant East Penn Manufacturing Company ("Defendant") for discrimination because of sex and race/national origin, a hostile work environment, and discriminatory terms, conditions, discipline, and termination, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA") and alleges as follows.

## PARTIES

1. Plaintiff is a Hispanic female who resides in Bethlehem, Pennsylvania.

2. Defendant East Penn Manufacturing Company is a battery manufacturer with its principal workplace identified in the administrative record at 102 Deka Road, Lyon Station, Pennsylvania 19536, and employs more than 501 employees.

3. Plaintiff worked for Defendant beginning on May 22, 2017 and later worked as a Maintenance Trainee Technician in our around June 2022 until the termination of her employment in or around April 2025.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3).

5. This Court has supplemental jurisdiction over Plaintiff's PHRA claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same facts and circumstances as the Title VII claims.

6. Venue is proper in this District because the employment practices alleged in this Complaint occurred in the Eastern District of Pennsylvania, including at Defendant's Lyons, Pennsylvania location.

## ADMINISTRATIVE EXHAUSTION

7. Plaintiff filed EEOC Charge No. 530-2025-04000 against Defendant. The Charge was presented to the EEOC and the Pennsylvania Human Relations Commission and alleged discrimination based on race and sex, including harassment, discriminatory discipline, and denial of the terms and conditions associated with C3 status.

8. On July 19, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights on Charge No. 530-2025-04000, notifying Plaintiff of her right to sue Defendant under federal law within 90 days of receipt.

9. Plaintiff has exhausted the administrative prerequisites applicable to the Title VII claims asserted in this Complaint. Plaintiff further alleges that her subsequent termination was part of the same discriminatory course of treatment concerning discipline and terms and conditions of employment alleged in the Charge.

10. More than one year has elapsed since Plaintiff filed her administrative charge. Plaintiff asserts parallel PHRA claims arising from the same alleged discriminatory course of treatment.

**FACTUAL ALLEGATIONS**

11. Plaintiff was hired by Defendant on May 22, 2017.

12. Plaintiff worked as a Dry Line Operator from approximately 2017 to 2018, a Heat Seal Operator from approximately 2018 to 2022, a Battery Hookup from approximately January 2022 to July 2022, and a Maintenance Trainee Technician from approximately June 2022 until April 2025.

13. Plaintiff was the only female in her maintenance department and worked in a male-dominated field.

14. Before the events beginning in approximately January 2025, Plaintiff alleges that she had not been disciplined and maintained positive work performance.

15. During her employment in maintenance, Plaintiff was subjected to repeated sexualized comments by male coworkers while she performed her regular job duties.

16. Among other things, coworkers watched Plaintiff while she worked and made comments including, "You are really going in and out," "look, she's on her knees," "Go harder," and "Don't stop."

17. When Plaintiff asked coworkers to pass her nuts in connection with her work, coworkers responded, "oh, these nuts?"

18. Plaintiff alleges that this conduct occurred on a daily basis while she worked as a Maintenance Trainee Technician.

19. Plaintiff did not report the sexual harassment internally because she feared retaliation.

20. Plaintiff was also subjected to comments concerning her race or ethnicity. At the start of her employment, her trainer, identified as Evan, told Plaintiff to tell coworkers that she was Russian.

21. Plaintiff did so because she feared retaliation. Coworkers thereafter frequently made jokes concerning her race and asked her what her race was.

22. Upon information and belief Plaintiff was hired into Maintenance as a C4 probationary employee.

23. Plaintiff understood Defendant's normal expectation to be that employees were "signed off" to C3 status after approximately three months, and that C3 status was associated with a wage increase, although the amount of any such increase is not presently known.

24. Plaintiff alleges that her male coworkers were signed off within approximately six months to one year, while Plaintiff remained a C4 employee through the end of her employment.

25. Plaintiff did not understand why she was denied C3 status, particularly because she alleges that she received no discipline before January 2025.

26. In or around January 2025, Human Resources representative Eric Olivarez began calling Plaintiff into meetings to criticize her performance.

27. Plaintiff was criticized for removing her name from overtime paperwork after initially signing up, although Plaintiff alleges that male colleagues routinely did the same without issue.

28. Plaintiff was also told that she was taking too long to complete her evaluations.

29. During a meeting, Olivarez told Plaintiff that he "would have gotten rid of you ten months before" and that it was "difficult" because Plaintiff was female and Latina.

30. Plaintiff alleges that Paul Heckart witnessed this conversation.

31. On or about February 25, 2025, Plaintiff was written up for not completing a preventative maintenance work order.

32. Plaintiff alleges that male colleagues who made the same mistake received only verbal warnings, and that Defendant's usual practice was to give a verbal warning before a written warning.

33. Plaintiff filed EEOC Charge No. 530-2025-04000 in or around February 2025 alleging discrimination based on race and sex, including discriminatory discipline, harassment, and denial of the terms and conditions associated with C3 status.

34. Plaintiff was terminated in or around April 2025. Plaintiff identifies attendance as the reason Defendant gave for the termination.

35. Plaintiff alleges that Defendant treated similarly situated male employees more favorably concerning advancement to C3 status, discipline, and other terms and conditions of employment.

36. Plaintiff alleges that the discriminatory scrutiny and discipline beginning in or around January 2025 culminated in her termination in or around April 2025, and that her sex and Hispanic/Latina race or national origin were motivating factors in that treatment and termination.

## COUNT I
## TITLE VII - SEX DISCRIMINATION

37. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

38. Plaintiff is a member of a protected class based on sex.

39. Defendant subjected Plaintiff to less favorable terms and conditions of employment, including denial of C3 status, disparate discipline, and termination, because of her sex.

40. Plaintiff was qualified for and performed her maintenance position during the relevant period.

41. Plaintiff suffered adverse changes in the terms and conditions of employment, including denial of C3 status, allegedly disparate discipline, and termination.

42. The circumstances alleged above support an inference that Plaintiff's sex was a motivating or determinative factor in the challenged treatment, including the alleged more favorable treatment of male coworkers and Olivarez's statement concerning Plaintiff being female and Latina.

43. Defendant thereby violated Title VII.

WHEREFORE, as to Count I, Plaintiff seeks all relief available under Title VII, including back pay, front pay, compensatory damages, equitable and injunctive relief, prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT II**
**TITLE VII - RACE/NATIONAL ORIGIN DISCRIMINATION**

44. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

45. Plaintiff is Hispanic/Latina and is protected from discrimination based on race and national origin under Title VII.

46. Defendant subjected Plaintiff to less favorable terms and conditions of employment, including denial of C3 status, disparate discipline, and termination, because of her race and/or national origin.

47. Plaintiff was qualified for and performed her maintenance position during the relevant period.

48. Plaintiff suffered adverse changes in the terms and conditions of employment, including denial of C3 status, allegedly disparate discipline, and termination.

49. The circumstances alleged above support an inference that Plaintiff's race and/or national origin was a motivating or determinative factor in the challenged treatment, including the alleged more favorable treatment of male coworkers and Olivarez's statement concerning Plaintiff being Latina.

50. Defendant thereby violated Title VII.

WHEREFORE, as to Count II, Plaintiff seeks all relief available under Title VII, including back pay, front pay, compensatory damages, equitable and injunctive relief, prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT III
## TITLE VII - HOSTILE WORK ENVIRONMENT BASED ON SEX

51. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

52. Plaintiff was subjected to unwanted sexualized comments and conduct by male coworkers because of her sex, including the repeated conduct described above.

53. Plaintiff alleges that the harassment was severe or pervasive and altered the conditions of her employment.

54. Plaintiff alleges that the sexualized conduct was unwelcome and occurred because of her sex.

55. Plaintiff alleges that the conduct occurred on a daily basis during her work as a maintenance technician and was severe or pervasive.

56. Plaintiff alleges that the conduct detrimentally affected her and would detrimentally affect a reasonable person in the same circumstances.

57. Plaintiff alleges that Defendant is liable for the hostile work environment under applicable principles of employer liability.

58. Defendant is liable for the hostile work environment to the extent established by the evidence under Title VII.

WHEREFORE, as to Count III, Plaintiff seeks all relief available under Title VII, including back pay, front pay, compensatory damages, equitable and injunctive relief, prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT IV
## TITLE VII - HOSTILE WORK ENVIRONMENT BASED ON RACE/NATIONAL ORIGIN

59. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

60. Plaintiff was subjected to repeated race- or ethnicity-related comments and questioning by coworkers, including being instructed to identify herself as Russian and thereafter being subjected to jokes concerning her race and repeated questioning about her race.

61. Plaintiff alleges that this conduct was sufficiently severe or pervasive to alter the conditions of her employment.

62. Plaintiff alleges that the race- and ethnicity-related conduct was unwelcome and occurred because of her race and/or national origin.

63. Plaintiff alleges that the repeated conduct was severe or pervasive.

64. Plaintiff alleges that the conduct detrimentally affected her and would detrimentally affect a reasonable person in the same circumstances.

65. Plaintiff alleges that Defendant is liable for the hostile work environment under applicable principles of employer liability.

66. Defendant is liable for the hostile work environment to the extent established by the evidence under Title VII.

WHEREFORE, as to Count IV, Plaintiff seeks all relief available under Title VII, including back pay, front pay, compensatory damages, equitable and injunctive relief, prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT V**
**PHRA - SEX DISCRIMINATION**

67. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

68. Plaintiff was qualified for and performed her maintenance position during the relevant period.

69. Plaintiff suffered adverse changes in the terms and conditions of employment, including denial of C3 status, allegedly disparate discipline, and termination.

70. The circumstances alleged above support an inference that Plaintiff's sex was a motivating or determinative factor in the challenged treatment.

71. Defendant discriminated against Plaintiff with respect to the terms, conditions, privileges, discipline, and termination of her employment because of her sex, in violation of the PHRA, 43 P.S. § 955(a).

WHEREFORE, as to Count V, Plaintiff seeks all relief available under the PHRA, including back pay, front pay, compensatory damages, equitable and injunctive relief,

prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT VI**
**PHRA - RACE/NATIONAL ORIGIN DISCRIMINATION**

72. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

73. Plaintiff was qualified for and performed her maintenance position during the relevant period.

74. Plaintiff suffered adverse changes in the terms and conditions of employment, including denial of C3 status, allegedly disparate discipline, and termination.

75. The circumstances alleged above support an inference that Plaintiff's race and/or national origin was a motivating or determinative factor in the challenged treatment.

76. Defendant discriminated against Plaintiff with respect to the terms, conditions, ‘ privileges, discipline, and termination of her employment because of her race and/or national origin, in violation of the PHRA, 43 P.S. § 955(a).

WHEREFORE, as to Count VI, Plaintiff seeks all relief available under the PHRA, including back pay, front pay, compensatory damages, equitable and injunctive relief, prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT VII**
**PHRA - HOSTILE WORK ENVIRONMENT BASED ON SEX**

77. Plaintiff incorporates the preceding paragraphs as though fully set forth herein. Plaintiff alleges that the sexualized conduct was unwelcome, occurred because of her sex, and was severe or pervasive.

78. Plaintiff alleges that the conduct detrimentally affected her and would detrimentally affect a reasonable person in the same circumstances.

79. Plaintiff alleges that Defendant is liable for the hostile work environment under applicable principles of employer liability.

80. The repeated sexualized conduct described above subjected Plaintiff to a hostile work environment because of her sex, in violation of the PHRA..

WHEREFORE, as to Count VII, Plaintiff seeks all relief available under the PHRA, including back pay, front pay, compensatory damages, equitable and injunctive relief, prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT VIII
## PHRA - HOSTILE WORK ENVIRONMENT BASED ON RACE/NATIONAL ORIGIN

81. Plaintiff incorporates the preceding paragraphs as though fully set forth herein. Plaintiff alleges that the race- and ethnicity-related conduct was unwelcome, occurred because of her race and/or national origin, and was severe or pervasive.

82. Plaintiff alleges that the conduct detrimentally affected her and would detrimentally affect a reasonable person in the same circumstances.

83. Plaintiff alleges that Defendant is liable for the hostile work environment under applicable principles of employer liability.

84. The repeated race- and ethnicity-related conduct described above subjected Plaintiff to a hostile work environment because of race and/or national origin, in violation of the PHRA.

WHEREFORE, as to Count VIII, Plaintiff seeks all relief available under the PHRA, including back pay, front pay, compensatory damages, equitable and injunctive relief,

prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**BROUGHAL & DeVITO, L.L.P.**

Dated: 10/16/2026

BY: /s/John S. Harrison

**JOHN S. HARRISON, ESQUIRE**
Attorney I.D. No. 53864
*Attorney for Plaintiff*
38 West Market Street
Bethlehem, PA 18018
Telephone No.: (610) 865-3664
Facsimile No.: (610) 865-0969
Johnharrison@broughal-devito.com